### GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont. May 21, 1898.)

1. FORECLOSURE OF RAILROAD MORTGAGE—PARTIES.

Where a mortgage to secure railroad bonds provides that it may be foreclosed, upon default of payment, at the request of a majority of the bondholders, a bill filed by the trustee, alleging such default and request, is not subject to demurrer because bondholders are not joined as orators.

2. SAME—CREDITORS' SUIT—RECEIVERS AS PARTIES.

Where receivers have all the property in their hands, under order of the court, for whomsoever it may be found to belong, and all proceedings in the cause are for the purpose of ascertaining the rights of all claimants, and how the property should be disposed of, it is not necessary, to make the receivers technical parties defendant to each bill filed, as the proceedings are in their nature in rem, and the receivers are in effect parties to all the proceedings.

3. SAME—SECOND MORTGAGE—PARTIES.

Where a second mortgage covered leased lines, without touching the rights of lessors, and the foreclosure is a part of a suit in which all the property is in the hands of receivers, neither the mortgagor, the first mortgagee, nor any lessor is, in strictness, a necessary party.

4. SAME—DESCRIPTION OF PROPERTY.

Where the description of the property in the bill is the same as in the mortgage, the necessity for evidence of the situation of the property, in order to the application of the description to it, is not ground of demurrer.

5. CREDITORS' SUIT—JUDGMENT CREDITOR—SEIZURE OF PROPERTY.

The receivership will not be withdrawn from unincumbered property of one of the consolidated corporations to enable a judgment creditor, who joined in the original petition for its distribution among creditors on the ground of insolvency, to seize it because of a supposed moral equity, and thus defeat the object of the petition.

6. FIRST AND SECOND MORTGAGES—CONFLICTING INTERESTS—FORECLOSURE BY SAME TRUSTEE.

In a proceeding to foreclose a first and a second mortgage, in which the same corporation is trustee in both, when a question arises as to what property is covered by each, as against the other, representative bondholders under each mortgage should be permitted to become parties, and properly litigate the question.

Chas. M. Wilds, for Grand Trunk Ry. Co.

Moorfield Storey and Elmer P. Howe, for American Loan & Trust Co.

Benjamin F. Fifield, for Central Vt. R. Co.

Michael H. Cardozo, for Baker.

Henry Crawford, for American Express Co.
John C. Coombs, for National Bank of Redemption.
Alric R. Herriman, for other banks.
Louis Hasbrouck, for executors of Smith.
L. S. Dabney, for Foss.
Hollis R. Bailey, for Jordan & Coffin.
Hiram A. Huse and Solomon Lincoln, for executors of Langdon.

WHEELER, District Judge.    This is a creditors' suit, in behalf of all who will join, in which receivers have been appointed, and in which the National Bank of Redemption has joined as an orator, and also in which are pending one bill of foreclosure by the American Loan & Trust Company, as trustee of a first mortgage of the main line and equipment to secure $7,000,000 of 5 per cent. consolidated bonds, of which $7,000,000 were issued, against the Vermont & Canada Railroad Company, the Consolidated Railroad Company, the Central Vermont Railroad Company, and the receivers; and another bill of foreclosure by the same trustee of a second mortgage of the main line and equipment, and after-acquired lines, and leased lines, equipment, and property, to secure $15,000,000 Central Vermont first consolidated mortgage bonds, into which stock of the Consolidated Railroad might be converted, and of which $3,000,000 have been issued, against the Central Vermont Railroad Company; and in which is pending a petition of the National Bank of Redemption for the withdrawal of the receivership from property not covered by the mortgages, in order that this property may be levied upon to satisfy a judgment recovered since the receivership, and for leave to become a party defendant in the foreclosure; and of the Welden National Bank, the Farmers' National Bank, and the Ogdensburg Bank for like withdrawal of the receivership; a petition of Ezra H. Baker, chairman of a committee of the first mortgage bondholders, and of executors of James R. Langdon, holding $379,700 of first mortgage bonds, for leave to become parties to the first foreclosure; a petition of the American Express Company, as holder of $700,000, and of Eugene N. Foss, as holder of $10,000, of second mortgage bonds, for leave to become parties to the foreclosure suits; and a petition of the executors of J. Gregory Smith as holders of 2,500 shares of preferred and 1,500 shares of common stock, and of N. W. Jordan and E. A. Coffin, as holders of 160 shares of preferred stock, of the Consolidated Railroad Company, entitling them to bonds, for leave to become parties to the second foreclosure, for assertion of their rights as if bondholders.    Both bills of foreclosure are demurred to by the Central Vermont Railroad Company, and the demurrers have been argued, and these several petitions have been heard.

The causes of demurrer to the bill of foreclosure of the first mortgage, now set down and relied upon, are the nonjoinder of bondholders of that mortgage as orators; the joinder of the receivers, and nonjoinder of second mortgage bondholders, as defendants; and uncertainty and insufficiency of description of the mortgaged property. Those to the bill of foreclosure of the second mortgage are that none of the bondholders of that mortgage are joined as orators; that

neither the resident receiver, nor the Vermont & Canada Railroad Company, nor the Consolidated Railroad Company, nor some of the first mortgage bondholders, nor the owners of the leased lines, are made defendants; that allegations of the title of the mortgagor, of the default of payment, and description of the property are too uncertain and insufficient.

Concerning the demurrers for nonjoinder of bondholders as orators in the respective foreclosures, the mortgages which are the foundations of these proceedings are to be looked at in connection with the allegations of the bills in these particulars. In the first mortgage, proceedings for foreclosure are required on default, and request of holders of a majority of the bonds; and the bill well alleges a default as to all outstanding bonds, and that such a request was made. In the second mortgage, proceedings by the trustee upon any default, and a request of holders of a majority of the bonds to make all become due, and for foreclosure by the trustee "in case it seems expedient," are required; and that bill also alleges a default, and a request by the holders of a majority of the bonds that the orator therein should proceed at once for a foreclosure. Thus, in each of these foreclosures, as they stand separately, the holders of the bonds, in majority, are not only theoretically, but actually, at their own request, represented by the trustee. This case differs in this respect from Brooks v. Railroad Co., 14 Blatchf. 463, Fed. Cas. No. 1,964, where, in the proceedings considered, no request or representation of bondholders, as such, was shown. This cause of demurrer here does not, as these proceedings stand, seem to be technically well founded, however it might be, in fairness to the rights of the bondholders, on account of the position of the trustee in both mortgages, if they should not be otherwise protected. As the receivers have all the property in their hands, under order of the court, for whomsoever it may be found to belong, and all proceedings are required to be and are had in this cause for the purpose of ascertaining the rights of all claimants, and how the property should be decreed to be disposed of or distributed by the receivers, whether they are technically made parties to every proceeding for establishing rights to the property or not is immaterial. While not parties to the original cause, as orators or defendants, they are in effect parties to all proceedings touching the property in their hands, as in their nature the proceedings are in rem. Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27. The second mortgage, in so far as it touches property covered by the first mortgage, is of the equity of redemption only; in so far as it covers leased lines, it is of the leasehold interests only, without touching the rights of the lessors; and, as to property of the mortgagor not covered by the first mortgage, it is independent of either. Therefore neither the first mortgagee or mortgagor, nor any lessor, is in strictness a necessary party to a foreclosure of that mortgage, especially when all the property is in the hands of receivers in a suit of which the foreclosure is a part. The allegation of default in the payment of any of the bonds seems to be sufficient, without setting out owners, and particular demand by, and failure to pay, each. The duty of making due payment was upon the mortgagors, and a

general allegation of failure would be sufficient.    Due payment is a defense, and may be brought forward as such if it exists.    The description of the property is as definite in the bills as in the mortgages, and, if evidence of the situation of the property is necessary for the application of the descriptions to it, that necessity is not a good cause of demurrer, but only a good reason for proceeding in proper manner to take the evidence.    These considerations dispose of all the causes of demurrer.

The National Bank of Redemption, as an unsecured creditor, has joined in the original bill to have the assets of the Central Vermont Railroad Company, as an insolvent corporation, divided ratably among such creditors, after the secured creditors.    To now withdraw the receivership from unincumbered property, to enable this creditor to seize it because of some supposed moral equity arising from the imminence of insolvency at the time of the creation of the debt, as is now relied upon, would defeat that very purpose.    Some question is made about the validity of its judgment recovered upon constructive notice since the receivership; but, whether it is valid or not, there is nothing about it or the debt to entitle it to preference over other simple creditors.    This part of its petition must therefore be denied.    As such creditor to a large amount, it is interested in reducing secured debts, and should, in justice, have an opportunity to be present at any proceedings for ascertaining the sum due in equity on the mortgages.    The remainder of the petition is retained for that purpose.

Were there no question about the extent of the mortgages, in covering property of the respective mortgagors, the foreclosures could probably be proceeded with legally and safely by the trustee in each, as moved by the respective requests of the bondholders to begin them, without making or permitting any of them to become themselves otherwise personally parties to the proceedings.    The mortgages were made at considerable spaces of time apart.    The first, on its face, assumes to cover future-acquired rolling stock and property; and the second, to cover the whole, subject to the first mortgage on some.    There is necessarily a question concerning what is covered by each, as against the other.    The same corporation is trustee in each, and cannot well be on both sides of this question, and there adequately represent the interests of its respective cestuis que trustent.    For want of such representation upon that question by the common trustee, some proper number of the first mortgage bondholders should be permitted to appear on the orator's side, and of the second mortgage bondholders on the defendant's side, of that foreclosure, to raise and contest somehow, by proper mode of procedure, that question, as they may be respectively advised is for their interests.    Obviously, as the case now stands, the petitioner Baker, as committee of the first mortgage bondholders, and the American Express Company, as a very large, and perhaps the largest, holder of second mortgage bonds, are proper parties to appear for themselves, as representing the respective interests of themselves and their associate bondholders in this behalf.    These now seem to be sufficient and adequate for this purpose, and single may be better for the interests of all than divided

88 F.—40

representation or counsels. And as any question about the proper representation of those interested as owners in the conduct of the prosecution or defense of a cause is always before the court, the applications of other bondholders for leave to become parties to, or to be heard upon, this question, should be allowed to remain on file, and be moved upon without prejudice, in case their interests should hereafter be thought to be unrepresented or misrepresented.

The second mortgage appears to have been intended to secure to holders of Consolidated Railroad stock a right to convert it into bonds of that mortgage, which should stand on a par with the other bonds. Whether the conversion has been proceeded with far enough by the holders of stock now claiming bonds for it, or the rights of bondholders on account of it have been perfected, is a question foreshadowed by their petitions and the motions to dismiss them. Sometimes what is agreed to be done is, in equity, considered as done. The provisions of the mortgage, and the recognition of this principle, seem to give sufficient color to this claim of these stockholders to entitle them to a fair chance to make it good, if they can, in these proceedings. Just how the parties would have this done has not been made very clear, except that a suggestion is made in behalf of the executors of Smith that it be by cross bill in the foreclosure of that mortgage. They are not interested, however, as such stockholders making this claim, in opposition to the mortgage itself, but in favor of it, and of its foreclosure upon the property covered by it; and a cross bill might not, under these circumstances, be an apt proceeding to aid them, and might be an undue embarrassment to the unquestioned bondholders. The opposing interests are those of the mortgagor to keep the amount of bonds these stockholders might be entitled to out of the sum due in equity, and of the now bondholders to keep it out from sharing in their security. These questions appear to appertain solely to the taking of an account of the sum due in equity at the proper stage of the foreclosure. In the taking of such an account no separate pleadings are ordinarily had, or are necessary, for the purpose of trying such rights, and none seem to be necessary here. The right to appear and present the claims as sums due in equity, and of the now bondholders to there contest them, seems to be all that is necessary to protect the rights of each.

The demurrers are overruled. Leave is granted to Ezra H. Baker to appear as orator, and to the American Express Company to appear as defendant, in the foreclosure of the first mortgage, and the defendants are respectively assigned to answer each bill by July rule day. The prayer of the petition of the National Bank of Redemption, and of other banks, for withdrawal of receivership from property, is denied. Leave is granted to Consolidated Railroad stockholders to become parties to the taking of any account of the sum due in equity in the foreclosure of the second mortgage, without prejudice to the residue of these petitions as remaining on file.